BRADLEY ET AL. PLAINTIFFS IN ERROR V. FRANKLIN COUNTY
ET AL.

**Constitutional Law**: MUNICIPAL BONDS. The act of March 21st, 1868, "authorizing county courts to issue bonds for the purpose of paying for the building of bridges and macadamizing roads heretofore contracted for and built" is constitutional (following *Steines v. Franklin Co.* 48 Mo. 167, and *Ritchie v. Franklin Co.* 22 Wall. 67), HENRY J. and SHERWOOD C. J. dissenting.

*Error to Cole Circuit Court.*—HON. GEO. W. MILLER, Judge.

*T. W. B. Crews* and *Henry Flanagan* for plaintiffs in error.

*James O. Broadhead* and *James Taussig* for defendants in error.

HOUGH, J.—The plaintiffs who are non-resident tax payers to the county of Franklin, filed a petition in the nature of a bill in equity, asking that certain bonds issued by the county court of Franklin county, under the act of March 21st, 1868, entitled "an act to authorize county courts to issue bonds for the purpose of paying for the building of bridges and macadamized roads heretofore contracted for and built," made payable to Budd & Decker or bearer, and delivered to certain of the defendants, be declared void, and that the same be required to be delivered up to be canceled, and praying for an injunction to restrain their negotiation, sale or transfer, and the assessment or collection of any tax to pay the same. To this petition there was a demurrer, for want of facts sufficient to constitute a cause of action, which was sustained by the court, and final judgment rendered thereon, dismissing plaintiff's petition, and plaintiffs have brought the case here by writ of error.

Plaintiffs, in their petition, expressly aver that the bonds in question were issued under the act of March 21, 1868, and base their right to relief upon the alleged un-

constitutionality of that act; and after a critical examina-
tion of the petition, we have been unable to discover that
they base it upon any other ground. The statement in the
petition that the act of 1868 is unconstitutional, is an aver-
ment of matter of law only, and it is not admitted by the
demurrer. On the facts stated, the plaintiffs are not enti-
tled to any relief. That the act in question is constitution-
al, and that it authorized the issuance of bonds by the
county court in cases like the present, was expressly de-
cided by this court in the case of *Steines et al. v. Franklin
County et al.*, 48 Mo. 167, and by the Supreme Court of the
United States in the case of *Ritchie v. Franklin County*, 22
Wallace 67. The material facts in those cases are identical
with the facts in this, and those cases must be held to be
decisive of this. The judgment of the circuit court will
be affirmed. All concur, except SHERWOOD, C. J. and
HENRY, J., who are of opinion that the decision in *Steines
et al. v. Franklin County, supra*, should not be adhered to.

AFFIRMED.

HENRY, J., DISSENTING.—I do not concur in the forego-
ing opinion. Expressing no opinion as to the constitu-
tionality of the act of 1868, but conceding its constitution-
ality, I do not regard it as a curative, but an enabling act,
not legalizing an illegal and unauthorized act of the county
court in contracting a debt, but enabling it to borrow
money, or issue bonds to pay a debt legally incurred.
There is nothing in the title or body of the act which ex-
pressly or by fair implication legalizes unauthorized and
illegal acts, and if it had been intended for any such pur-
pose, it could, and I presume, would have been expressed.
It seems to me a violent construction, which holds that it
applies to other than turnpikes and bridges, which the
county court had authority to contract for building. A
court should not presume that the General Assembly in-
tended to validate void and illegal acts, when there is
nothing either in the title or body of the act, to indicate
any such legislative intent.